[No. 18078.   Department Two.   January 23, 1924.]

## J. A. KARTERMAN, *as Administrator etc., Respondent,* v. NATIONAL SURETY COMPANY, *Appellant.*[1]

EXECUTORS AND ADMINISTRATORS (175)—ACTION ON BOND—LIABILITY OF SURETY—LOSS OR DAMAGE SUSTAINED—JUDGMENT.  It is a good defense to an action upon a former administrator's bond for the misappropriation of funds of the estate needed to pay creditors, that the former administrator was the sole legatee, that the claims had been allowed, and that the surety giving the bond had paid the claims of creditors, so that no person could be injured by the alleged misappropriation; and it is error to grant judgment for the amount of the penalty in the bond without taking evidence as to the expenses of administration and the amount of unpaid claims.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered February 10, 1923, upon findings in favor of the plaintiff, in an action on an official bond, tried to the court.  Reversed.

*Preston, Thorgrimson & Turner,* for appellant.

*H. E. Foster,* for respondent.

BRIDGES, J.—Suit by an administrator *de bonis non* on the official bond of a prior administrator with the will annexed.

In June, 1919, William A. Seibel died testate, and shortly thereafter one E. L. Seibel was appointed administrator with the will annexed.  He qualified by giving a bond in the sum of $2,000, with the defendant, National Surety Company, as surety.  Subsequently the court made an order discharging the administrator and appointing the plaintiff in his stead.  The new appointee brought this action, wherein he alleged, in substance, the facts above mentioned, and also that the former administrator had failed and refused to inventory a portion of the assets of the estate, and had

[1]Reported in 222 Pac. 224.

wrongfully appropriated to his own use a sum in excess of $2,000, which was the penalty of the bond sued on. It was further alleged that claims against the estate had been filed and allowed, and that an insufficient amount of money or property had come into the hands of the new administrator to pay them and the expenses of administration. Judgment was sought against the surety for the full penalty of the bond.

The surety company affirmatively alleged in its answer that, under the terms of the will of the deceased, E. L. Seibel, who was the first administrator, was the sole legatee and entitled to receive all the property of the estate after the payment of debts and expenses of administration, and that, shortly after the plaintiff had been appointed as administrator, it had learned that the former administrator, for whom it was surety, had failed to pay certain claims of creditors, and that, prior to the bringing of this suit, it, as such surety, had paid all of the claims against the estate which had been filed and allowed and had so notified the plaintiff, and that there was no necessity for the maintenance of this action.

A demurrer to the affirmative matter in the answer was sustained and the cause went to trial.

The plaintiff produced testimony tending to show that the first administrator had given notice to creditors as required by the probate statute, and that he had converted into money much of the property of the estate, and that certain claims of creditors had been filed and allowed, and that there were not sufficient assets in his hands with which to pay such claims and the expenses of administration. He also proved that the first administrator had misappropriated funds of the estate in excess of the penalty of the surety bond. He did not undertake to prove that the creditors'

claims had not been paid, nor did he prove the amount of the expense of administration. The defendant, however, offered to prove that it had paid a portion or all of the claims of the creditors, but the court refused to receive the testimony, saying,

"My position in this matter would be simply this; so far as I have thought the matter over, that this money should be paid to the administrator and the estate should be duly administered. If when the final account of the administrator is settled, that is, the estate is settled, it is found that, after the settlement of all claims, there is any amount remaining it should go back to the surety company, but the whole matter should be conducted so far as the estate is concerned by the administrator."

Following this idea, the court entered a judgment against the surety company for the full amount of the bond, to wit, $2,000 and costs. The defendant Seibel was not served with process, and the surety company has appealed.

We think the trial court proceeded upon an erroneous theory. The statute provides that "any administrator may in his own name, for the benefit of all parties interested in the estate, maintain actions on the bond of the executor or of any former administrator of the same estate." Section 1521, Rem. Comp. Stat. [P. C. § 9889]. The bond in this case complied with the statute and was conditioned that the administrator should faithfully discharge the duties of his trust according to law. Section 1437, Rem. Comp. Stat. [P. C. § 9953]. The bond was given for the protection of all persons interested in the estate. If the misconduct of or misappropriation of assets by the former administrator did not result in any injury or damage to any person interested in the estate, there is no reason why the bond should be called upon, and if the former administrator has been guilty of misconduct or has mis-

appropriated funds, the bond should be held liable only to the extent of the injury caused thereby to any person interested in the estate.   If it be true, as pleaded in the affirmative answer, that the administrator, whom it is alleged misappropriated the funds, was the sole legatee under the terms of the will, then no person could be injured by his misappropriation except creditors and those administering the estate, to the extent the misappropriation shall have injured them.   No good could be accomplished by requiring the surety to pay into court any sum greater than necessary to repair the injury caused by the misappropriation.   The second administrator might be one of those injured to the extent of his necessary expenses and a reasonable compensation for necessary services.

Manifestly, the estate is substantially ready to be closed, and if the court should find that the former administrator had misappropriated part of the assets of the estate, there should be no difficulty in determining the damage to those interested in the estate because thereof.   In this instance the court should have received testimony for the purpose of proving that the misappropriator was the sole legatee under the will, and also that the bonding company had paid all or part of the claims of creditors, and should also have determined the amount of the claims unpaid and the amount of the expenses of administration and should have given judgment against the appellant for those amounts, less the amount of assets on hand.   The court erred in sustaining a demurrer to the appellant's affirmative defense.

The judgment is reversed, and the cause remanded for a new trial in accordance with the principles here announced.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.